UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OMAR DAVID CANTERO CANTER,    *
                             *
    Petitioner,              *
                             *
    v.                       *
                             *    Civil Action No. 1:26-cv-12329-IT
ANTONE MONIZ, Superintendent, Plymouth    *
County Correctional Facility, et al.,     *
                             *
    Respondents.             *
                             *

MEMORANDUM & ORDER

TALWANI, D.J.

Petitioner Omar David Cantero Canter, a citizen of Colombia, entered the United States in April 2024. Pet. Ex. A, at ECF 4 [Doc. No. 1-4]. On February 15, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents detained Petitioner. Pet. ¶ 4. He is presently in custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶¶ 5–6.

On May 22, 2026, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1], in which he seeks "a bond hearing" pursuant to 8 U.S.C. § 1226(a). Id. ¶ 15. As grounds, Petitioner asserts that his detention violates his right to due process under the Fifth Amendment to the United States Constitution. Id. ¶¶ 43–47.

In their abbreviated Response [Doc. No. 6], Respondents "submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in Roldan [Roldan v. Moniz, No. 1:26-cv-10017-IT, 2026 WL 161552 (D. Mass. Jan. 21, 2026)]." Id. at 1. Respondents thus acknowledge that, "[s]hould the Court follow its reasoning in Roldan [Roldan], it would reach the same result here." Id.

1

The court finds that the reasoning in prior cases, including <u>Roldan Roldan</u> and <u>Doe v. Moniz</u>, 800 F. Supp. 3d 203 (D. Mass. 2025), remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a). The Board of Immigration Appeals' decision in <u>Matter of Yajure Hurtado</u>, 29 I. & N. Dec. 216 (B.I.A. 2025) is unpersuasive and does not change the analysis. <u>See</u> <u>Elias Escobar v. Hyde</u>, No. 1:25-cv-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

Accordingly, the <u>Petition</u> [Doc. No. 1] is GRANTED as follows: No later than June 3, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and <u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention, specifically identifying the basis for any assertion that Petitioner's release would pose a danger or flight risk. Respondents shall submit a status report on this matter no later than June 17, 2026.

IT IS SO ORDERED.

May 27, 2026                                                    /s/ Indira Talwani
                                                               United States District Judge

2